UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00742-GNS

JOSE LUIS BOS-AZCUY PETITIONER

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
PAM BONDI, Attorney General of the United States;
SAM OLSON, Director of the
Chicago Field Office of
Immigration and Customs Enforcement;
JEFF TINDALL, Warden,
Oldham County Detention Center,
in their official capacities RESPONDENTS

# ORDER

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1) and Respondents' Motion for Leave to Seal (DN 10).

## A. Petitioner for Writ of Habeas Corpus

On March 22, 2022, Petitioner Jose Luis Bos-Azcuy ("Bos-Azcuy"), a native and citizen of Cuba, entered the United States and was subsequently paroled into the country. (Pet. ¶ 1, DN 1; Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 7-1). The parole was terminated on May 22, 2022. (Resp'ts' Resp. Show Cause Order Ex. 2, at 1-2, DN 7-2).

When Bos-Azcuy reported to the office of the Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations on July 28, 2022, he was served with a Notice to Appear and placed in removal proceedings under 8 U.S.C. § 1229a. (Resp'ts' Resp. Show Cause Order Ex. 3, at 1-3, DN 7-3; Resp'ts' Resp. Show Cause Order Ex. 4, at 2, DN 7-4). Bos-Azcuy was released on his own recognizance. (Resp'ts' Resp. Show Cause Order Ex. 4, at 2).

On October 22, 2024, Bos-Azcuy filed an application for lawful permanent residence in the United States. (Pet. ¶ 25). On an unknown date, he also filed an application for asylum and withholding of removal. (Pet. ¶ 25).

On March 26, 2025, an immigration judge considered Bos-Azcuy's pending applications for relief. (Resp'ts' Resp. Show Cause Order Ex. 5, at 1, DN 7-5). The immigration judge denied his request for asylum and for withholding of removal under the Convention Against Torture. (Resp'ts' Exs., at 15, DN 11-1). The request for withholding of removal under INA § 241(b)(3) was withdrawn with prejudice, and his adjustment of status under INA § 245(a) was denied. (Resp'ts' Exs., at 15-16). After reserving his right to appeal, Bos-Azcuy filed an appeal to the Board of Immigration Appeals on April 4, 2025, which is currently pending. (Resp'ts' Resp. Show Cause Order Ex. 6, at 1-3, DN 7-6). He is presently detained at the Oldham County Detention Center. (Pet. ¶¶ 3, 13, 18-19).

On September 16, 2026, Bos-Azcuy filed the Petition for Writ of Habeas Corpus against Respondents: Jeff Tindall, Oldham County Jailer; Sam Olson, Field Office Director of the Chicago Field Office of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States. (Pet. ¶¶ 19-22). He challenges his continued detention and alleges violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 42-64).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Bos-Azcuy bears the burden of proving by a preponderance of the evidence that his detention is

unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

The parties dispute whether Bos-Azcuy is detained pursuant to 8 U.S.C. § 1226(a) or (c). (Pet. ¶¶ 57-64); Resp'ts' Resp. Show Cause Order 3-4, DN 7). When a noncitizen is detained under Section 1226(c), the noncitizen may challenge whether he committed a crime subjecting him to mandatory detention through a so-called *Joseph* hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) ("Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.' *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At a *Joseph* hearing, that person "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." (alteration in original) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003))); *see also Hanif v. Lewis*, No. 4:26-CV-276-RGJ, 2026 WL 1998502, at *2 (W.D. Ky. July 9, 2026) (discussing significance of a hearing under *Matter of Joseph*). "Under *Joseph*, such detainees are entitled to a hearing before an Immigration Judge (IJ) to determine 'whether the [Government] has properly included [them] within a category that is subject to mandatory detention' under § 1226(c)." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 328 (3d Cir. 2021) (alterations in original) (quoting *Matter of Joseph*, 22 I&N Dec. at 805) (citing 8 C.F.R. § 1003.19(h)(2)(i)(D), (h)(2)(ii)). "If a detainee is found not to be 'properly included' within § 1226(c), [he] may then seek release on bond under 8 U.S.C. § 1226(a)." *Id.* (citing *Matter of Joseph*, 22 I&N Dec. at 806).

From the record, it does not appear Bos-Azcuy requested and received a *Joseph* hearing. While he contends that her shoplifting conviction does not mandate detention under Section 1226(c), that argument must be raised during a *Joseph* hearing, which he must request. *See Hanif*, 2026 WL 1998502, at *2 (citing *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 302 (3d Cir.

2016); *Singh v. Warden Cal. City Det. Facility*, No. 1:25-CV-01862-DJC-EFB, 2026 WL 457119, at *5 (E.D. Cal. Feb. 18, 2026)).

This Court's role is to determine whether Bos-Azcuy has been unlawfully detained. *See* 28 U.S.C. § 2241(c)(3). Because he has not met his burden of showing that he has been unlawfully detained, the Petition is denied.

**B. Respondents' Motion for Leave to Seal**

On September 30, 2026, the Court ordered Respondents to file unredacted copies of all exhibits tendered in support of their response to the Show Cause Order.[1] Respondents complied with the order by moving for leave to seal and by tendering unredacted copies of their exhibits. Because the grounds stated in the motion sufficiently substantiate the need for sealing the unredacted copies, the motion is granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **DENIED**.

2. Respondents' Motion for Leave to Seal (DN 10) is **GRANTED**, and the Clerk shall seal DN 11.

3. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
October 15, 2026

cc: counsel of record

[1] In the redacted copy of the immigration judge order from the March 26, 2025, hearing, 20 of the 24 total pages contained at least partial redaction of its contents, and 15 consecutive pages were redacted in their entirety. No explanation or justification for such redactions was initially provided, and such extensive redactions were unwarranted. *See* Fed. R. Civ. P. 5.2.